UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY a/k/a DEREK McSMITH** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:07-054** |
| **WAYNE PARKER** | **SECTION: K(3)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned Magistrate Judge for the purpose of handling all pre-trial matters including an evidentiary hearing, if necessary, and the submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(A)(B). [Doc. # 4].  Upon review of the record and 28 U.S.C. § 1915(e)(2), *inter alia,* and further considering plaintiff's failure to respond this Court's rule to show cause [Doc. # 5], the undersigned Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, this Court RECOMMENDS that plaintiff's complaint in the captioned matter be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

**I.     Background**

The plaintiff, LeRoy a/k/a Derek McSmith ("McSmith"), filed this complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, against *pro se* filing clerk Wayne Parker, an employee of the Clerk of the United States District Court for the Eastern District of Louisiana.  Plaintiff complains about the assistance rendered by the defendant, Wayne Parker ("Parker"), in advising the plaintiff, as required, of deficiencies in various pleadings filed in this Court.  For instance, plaintiff complaint states:  "Leroy does not need to be told by the Office of the Clerk of Court that he needs to name all defendants in a

proceeding in the caption of the pleading when using et al nor is it a requirement ...."
Plaintiff's Complaint at p. 2 [Doc. #1]. Plaintiff as much as admits that it is the duty of the "Office of the Clerk of Court to ... inform parties why the[ir] pleading will not be filed." *Id.* at p. 3. Plaintiff seeks an order "directing the Office of the Clerk of Court to appoint a clerk who has the ability to become mute when processing pleadings received from plaintiff." *Id*.

## II.   Standards of Review

The plain language of 28 U.S.C. § 1915(e)(2) *requires* dismissal of plaintiff's *pro se* complaint if the Court is satisfied that the action is "frivolous or malicious [or] fails to state a claim upon which relief may be granted."[1] The relevant section of the aforesaid statute makes no distinction between prisoner and non-prisoner pauper cases. In an action filed *in forma pauperis* under Section 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.[2] Although *pro se* pleadings must be construed liberally,[3] significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer.[4] Therefore, review under § 1915(e)(2)(B) is

---

[1]*See* 28 U.S.C. § 1915(e)(2)(i-ii); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new and that it is privilege extended to those unable to pay filing fees *where it is not apparent that the claims do not lack merit on their face*).

[2]*Neitzke v. Williams,* 490 U.S. at 327.

[3]*See Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990)(noting that an early determination of the merits of an IFP proceeding provides a significant benefit to the courts (because it will allow them use of their scarce resources effectively and efficiently) and to the government officials sued (because it will free them from the burdens of frivolous and harassing litigation)).

[4]*Id.*

appropriate in this case.

### III.     Analysis of Plaintiff's FTCA Claim

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq*., is a limited waiver of sovereign immunity.  It provides a remedy for claimants against the *United States* for damage to or  loss of property, as well as personal injury or death caused by the negligence of a government employee acting within the course and scope of his or her employment.[5]

The FTCA specifically states that a plaintiff's exclusive course of action under the FTCA is against the *United States* and grants federal employees absolute immunity from common law tort actions by providing for the substitution of the United States as the sole defendant in such actions.[6]  Absent a waiver, sovereign immunity shields the federal government, its agencies and employees from suit.[7]  Because sovereign immunity is jurisdictional in nature, the named defendant in the above captioned cause (a government employee acting within the course and scope of his employment with the Clerk's office) is not an appropriate defendant under the limited waiver set forth in the FTCA; therefore, the plaintiff lacks standing and the case must be dismissed for lack of subject matter jurisdiction.  In other words, it is patent on the face of the plaintiff's complaint filed pursuant to the Federal Tort Claims Act (FTCA), that he fails to state a cognizable claim against the United States.

Even if McSmith could cure the foregoing defect by amending his Complaint to name the United States as the proper party defendant, his clearly baseless abuse of process claim against

---

[5]*Tindall ex rel. Tindall v. United States*, 901 F.2d 53, 55 (5th Cir.1990).

[6]28 U.S.C. § 2679(a).

[7]*FDIC v. Meyer,* 510 U.S. 471, 475 (1994).

the government would remain infirm. In particular, the waiver of immunity contained in the FTCA does not apply to conduct which, in essence, constitutes the claim of abuse of process.[8] The FTCA waives the United States' sovereign immunity from suits based upon tort claims. 28 U.S.C. § 2674. Indeed, § 2680(h) excludes from this waiver without qualification libel, slander, misrepresentation and deceit, *inter alia*. 28 U.S.C. § 2680(h). Most notably, the § 2680(h) also excludes a claim tantamount to "abuse of process" from its waiver of sovereign immunity *unless the employee is a law enforcement officer*. Plaintiff has not alleged and cannot now in good faith amend his complaint to allege that the federal employee at issue is a law enforcement officer.

Pursuant to Circuit precedent, the plaintiff cannot evade the reach of exceptions set forth in § 2680(h) by nominally characterizing his claim as anything other than set forth in his original complaint, because the FTCA bars a claim based on the conduct that constitutes a tort listed in section 2680(h), *even though that conduct may also constitute another tort*.[9] The Fifth Circuit cogently summarized and explained the applicable law as follows:

> To determine whether a claim is one "arising out of" any of these enumerated torts [which are excepted by § 2680(h) from the FTCA's reach], we focus on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim "arising out of" any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim. *United States v. Neustadt,* 366 U.S. 696 (1961); *Commercial Union Ins. Co. v. United States,* 928 F.2d 176, 178-79 (5th Cir. 1991). Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred "when the underlying governmental conduct

[8] *See* 28 U.S.C. § 2680(h); *see also* *United States v. Shearer*, 473 U.S. 52, 54 (1985); *Truman v. United States,* 26 F.3d 592, 594 (5th Cir. 1994).

[9] *See Truman,* 26 F.3rd 592, 594-95 (5th Cir. 1994) (*citing Garcia v. United States,* 776 F.2d 116 (5th Cir. 1985)).

'essential' to the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action." *McNeily,* 6 F.3d at 347 (*citing Atorie,* 942 F.2d at 958). Thus, the FTCA bars a claim based on conduct that constitutes a tort listed in section 2680(h), even though that conduct may also constitute another tort not listed in section 2680(h). Similarly, a plaintiff cannot circumvent the purpose of section 2680(h) by "framing his complaint in terms of [the government's] negligent failure to prevent the excepted harm." *Id.* at 347. Thus we held in *Garcia v. United States,* 776 F.2d 116 (5th Cir. 1985), that a plaintiff could not evade the reach of section 2680(h) by raising a claim for negligence in the supervision of a military recruiter who allegedly assaulted the plaintiff. For the purposes of section 2680(h), Garcia's negligence claim arose out of an assault and battery. *Id.* at 118.[10]

Congress has recognized that its scheme leaves some plaintiffs without a remedy against any party.[11] "[S]uits against Federal employees are precluded even where the United States has a defense which prevents actual recovery. Thus, any claim against the government that is precluded by the exceptions set forth in Section 2680 ... also is precluded against an employee [or] his or her estate."[12] This result was intended by Congress despite the Westfall Act's purpose – *i.e.*, to provide an appropriate remedy while protecting federal employees.[13] As the Supreme Court observed in *Westfall v. Erwin*, 484 U.S. 292, 300 (1988), "Congress is in the best position to provide guidance for the complex and often highly empirical inquiry into whether absolute immunity is warranted in a particular context."[14] In *Westfall*, the Supreme Court applied the immunity of the FTCA only to acts

---

[10]*Truman*, 26 F.3d at 594-95.

[11]*See* H.Rep. No. 100-700, at 6 (1988), reprinted in 1988 U.S.C.C.A.N. 5945, 5950.

[12]*Id*.

[13]Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100-694, sec. 2(b), 102 Stat. 4563, 4564.

[14]484 U.S. at 300.

committed by federal employees within the scope of their employment that required the exercise of government discretion.[15] After *Westfall*, Congress passed the Westfall Act to immunize all acts done within the scope of the federal employee's employment without any additional requirements.[16]

Even under the most liberal construction, plaintiff's complaint cannot reasonably be construed as an attempt to state a claim for violation of his right of access to the courts which is protected by the Due Process clause under the Fourteenth Amendment. The gist of plaintiff's allegations of fact are the antithesis of any such constitutional claim. Indeed, plaintiff specifically alleges that he needs no assistance in perfecting the form of his pleadings and, for that reason, he petitions the Court in the captioned cause for a mandatory decree ordering the Clerk of Court to appoint a *pro se* intake "clerk who has the ability to become mute when processing pleadings received from plaintiff...." *See* Complaint at p.3. Most notably, McSmith already has an abuse of process and/or denial of his right to due process claim pending against the Clerk of this Court, Loretta Whyte. *See LeRoy a/k/a Derek McSmith v. Loretta Whyte*, USDC/EDLa.Dkt. No. 06-10833 "A"(4) filed December 14, 2006.

Finally, this Court observes that any claim of denial of access to the United States District Court for the Eastern District of Louisiana by McSmith would be fanciful at best. Since August 25, 2006, plaintiff has filed no less sixteen *pro se* lawsuits without prepayment

---

[15]*Id*. at 299.

[16]*See* H.Rep. No. 100-700, at 4 ("Federal employees will be immune for personal liability for actions taken in the course and scope of their employment."), reprinted in 1988 U.S.C.C.A.N. at 5947; id. at 2-4 (noting that the legislation's goal is to restore federal employee immunity to its state prior to the Supreme Court's *Westfall* decision), reprinted in 1988 U.S.C.C.A.N. at 5946-47; *Aversa*, 99 F.3d at 1207 n. 7.

of costs (*i.e.*, *pauper status* was granted in all cases).[17]

## IV.   Conclusion

Distilled to its essence, McSmith's complaint is that the defendant *pro se* filing clerk talks too much;  whereas, it is patent on the face of the complaint that plaintiff  "doth protest too much."[18]   Even the broadest reading afforded McSmith's *pro se* complaint denotes the "foregone conclusion,"[19] that he fails to state a cognizable claim under the FTCA (or any other statute) and thus his complaint must be dismissed with prejudice as frivolous.[20]

## V.   Recommendation

Accordingly and for all of the foregoing reasons,  **IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITH PREJUDICE as both legally and factually frivolous and otherwise for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C.  §1915(e)(2)(B).

---

[17]*See* 06-4501 "N"/JCW **LeRoy a/k/a Derek McSmith v. Stor-All New Orleans, Inc.** (closed); 06-4601 "C"/JCW **LeRoy a/k/a Derek McSmith v. Blackwater, Inc**.; 06-5618 "D"/JCW (closed);  06-5363 "C" **LeRoy a/k/a Derek McSmith v. Kurt D. Engelhardt** (closed); 06-5365 "K"/DEK  **LeRoy v. Sarah S. Vance**; 06-8903 "F"/DEK **LeRoy a/k/a Derek McSmith v. Louisiana Dept. Public Safety** (closed); 06-9828 "I"/SS **LeRoy a/k/a Derek McSmith v. Piper Griffin and City of N.O.**; 06-9968 "L" **LeRoy a/k/a Derek McSmith v. Bruce McConduit** ; 06-10517 "F"/DEK **Leroy v. Dale Atkins, et al** (closed); 06-10903 "C"/ALC **LeRoy a/k/a Derek McSmith v. U.S. Dept. of HUD**; 06-10832 "I"/KWR) **LeRoy a/k/a Derek McSmith v. Madeleine M. Landrieu**; 06-10833 "A"/KWR **LeRoy v. Loretta Whyte, et al;** 06-11200 "C"/DEK **LeRoy a/k/a Derek McSmith v. P.O. Eric Baehr**; 06-11379 "C"/ALC **LeRoy a/k/a Derek McSmith v. United States and Chris Peck**;  07-54 "K"/DEK **LeRoy a/k/a Derek McSmith v. Wayne Parker**; and 07-126 "J"/DEK **LeRoy a/k/a Derek McSmith v. Mark Osborne.**

[18]*Hamlet* (III, ii, 239).

[19]*Othello* (III, iii, 429-30).

[20]28 U.S.C. §1915(e)(2)(B).

**VI.     Objections**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result form a failure to object.  *Douglass v. United States Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of January, 2007.


_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**